UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 3:09-cr-113-PCD |
| | : | |
| RICHARD CRESPO | : | |

### RULING ON MOTION TO SEVER

On May 14, 2009, Defendant Richard Crespo was indicted for conspiracy to possess and possession with intent to distribute 500 or more grams of cocaine. He is one of thirty-two defendants named in the indictment. On August 24, 2009, he filed a motion to sever his trial from the trial of the other defendants.

In counts seventeen and eighteen of the eighteen-count indictment, Crespo is charged with conspiracy to distribute 500 or more grams of cocaine on April 28, 2009 and with possession to distribute 500 or more grams of cocaine on April 28, 2009. One other defendant, Carlos Maldonado, is alleged to have conspired with Crespo. Counts one through sixteen charge Crespo's co-defendants with conspiracy to distribute cocaine from January 2008 to April 2009, conspiracy to distribute heroin from January 2008 to February 2009, distribution of cocaine and heroin, and use of a telephone to facilitate commission of a drug-trafficking felony. Crespo is not alleged to have been a member of a conspiracy or to have committed crimes described in counts one through sixteen.

Crespo argues that severance is proper because the indictment does not establish a connection between the acts alleged to have been committed by him and the acts of thirty co-defendants. Crespo also argues that trying him with thirty co-defendants charged with unrelated

1

crimes would be prejudicial.  The government has not objected to Crespo's motion.

Pursuant to Federal Rule of Criminal Procedure 8(b), an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  The Second Circuit "ha[s] construed this language to mean that joinder is proper where two or more persons' criminal acts are 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.'"  United States v. Cervone, 907 F.2d 332, 341 (2d Cir. 1990) (quoting United States v. Attanasio, 870 F.2d 809, 815 (2d Cir. 1989)).

The Court agrees that Crespo's trial should be severed from the trial of the remaining defendants.  Crespo is not alleged to have engaged in a common plan or scheme with any but one of the thirty-one other defendants.  Nor do any of the allegations in the indictment otherwise connect Crespo to thirty of his co-defendants.  Therefore, the motion to sever [Doc. No. 358] is **granted**.

SO ORDERED.
Dated at New Haven, Connecticut, this  5th  day of January, 2010.

                                                      /s/
                                             Peter C. Dorsey, U.S. District Judge
                                             United States District Court